UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Dorothy Dudley, Arthur Dudley, Robert Dudley and Brian Dudley,** | |
| Plaintiffs, | Case No. |
| v. | |
| **Vision Solar, LLC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

# COMPLAINT

**Dorothy Dudley, Arthur Dudley, Robert Dudley, and Brian Dudley** (Plaintiffs), by and through their attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Vision Solar, LLC.** (Defendant):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the Commonwealth of Pennsylvania and because the occurrences from which

Plaintiffs' cause of action arises took place and caused Plaintiffs to suffer injury in the Commonwealth of Pennsylvania.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiffs are each natural person residing in Glen Mills, Pennsylvania 19342.

6. Plaintiffs are each a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 205 Arch Street Philadelphia, PA 19106.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiffs each have a cellular telephone number.

11. Plaintiffs have used these phone numbers cellular telephones.

12. Defendant repeatedly placed calls to Plaintiffs on their cellular telephones for solicitation purposes.

13. Defendant was attempting to sell Plaintiffs solar energy.

14. Plaintiffs were not interested in solar energy, did not request information from Defendant, and did not consent to the calls.

15. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

14. Plaintiffs all have included their cellular telephone numbers on the Do Not Call Registry.

14. Defendant was aware that its calls were unwanted and that Plaintiffs did not want Defendant to place calls to their cellular telephone, so any calls could have only been made solely for purposes of harassment.

15. Despite being on the Do Not Call Registry, Defendant persisted in calling Plaintiffs.

16. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiffs to endure.

17. Ultimately in order to ascertain who was responsible for the repeated calls, Plaintiff had no choice but to schedule an appointment with Defendant.

18. Plaintiffs met with Defendant's representative, Trevor Witman, who provided them with his business card and photo identification.

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

16. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

17. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiffs' cellular telephones calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiffs has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiffs' cellular telephones without any prior express consent.

28. Defendant contacted Plaintiffs despite the fact that Plaintiffs were on the Do Not Call Registry.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiffs despite the fact that Plaintiffs were on the Do Not Call Registry.

35. Defendant called Plaintiffs on two or more occasions during a single calendar year despite Plaintiffs' registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Dorothy Dudley, Arthur Dudley, Robert Dudley, and Brian Dudley,** respectfully pray for judgment as follows:

    a. All actual damages Plaintiffs suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

g. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiffs, **Dorothy Dudley, Arthur Dudley, Robert Dudley, and Brian Dudley,** demand a jury trial in this case.

Respectfully submitted,

Dated: 02-12-2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com