IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY DUDLEY, ARTHUR DUDLEY, | : | CIVIL ACTION |
| ROBERT DUDLEY, AND BRIAN DUDLEY | : | |
| | : | |
| v. | : | |
| | : | |
| VISION SOLAR, LLC | : | NO. 21-659 |

**MEMORANDUM**

Padova, J.                                                                                          **July 21, 2021**

Plaintiffs Dorothy Dudley, Arthur Dudley, Robert Dudley, and Brian Dudley initiated this action against Defendant Vision Solar, LLC ("Vision Solar"), a solar energy company, after receiving numerous solicitation calls relating to solar energy on their cellular phones despite being registered on the Federal Trade Commission's ("FTC's") Do Not Call Registry. The Amended Complaint (the "Complaint") asserts claims against Vision Solar pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for unlawfully placing calls to a cellular telephone using an automatically generated or prerecorded voice, and for improperly initiating telephone solicitation to a residential telephone number registered on the Do Not Call Registry. Vision Solar has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of both claims against it. For the following reasons, we deny the Motion to Dismiss.

I.      **BACKGROUND**

The facts alleged in the Complaint are as follows. In December 2004, Plaintiffs registered their cell phone numbers, which they used for residential purposes, on the FTC's Do Not Call Registry in order to "secure solitude and be free of harassing solicitation calls." (Am. Compl. ("Compl.") ¶¶ 10-15.) At no time did any of Plaintiffs consent to receive calls related to solar

energy.  (Id. ¶ 16.)  In 2020 and 2021, Vision Solar made a series of calls to Plaintiffs' registered cell phone numbers.  (Id. ¶¶ 16-20.)  The calls were not made for emergency purposes, but for the purpose of selling solar energy plans.  (Id. ¶¶ 16, 26.)  Vision Solar called Plaintiff Dorothy Dudley on dates including, but not limited to, January 20, 2021, and called Plaintiff Arthur Dudley on dates including, but not limited to, March 2, 2020.  (Id. ¶¶ 17, 20.)  Plaintiff Brian Dudley was called by Vision Solar on September 19 and September 20 of 2020, and Plaintiff Robert Dudley was called on June 22, September 10, December 17, and December 18 of 2020, as well as March 30, 2021.  (Id. ¶¶ 18-19.)

The Complaint alleges that these calls provided Plaintiffs with "a menu of options that was presented with a voice that was clearly computerized and/or prerecorded" and that Plaintiffs "repeatedly" asked who was calling, but Vision Solar "refused to disclose" its identity.  (Id. ¶¶ 21, 23.)  Eventually, Plaintiffs scheduled an appointment with Vision Solar in order to determine who was making the calls.  (Id. ¶ 24.)  Subsequently, Vision Solar's representative, Trevor Whitman, met with Plaintiffs at their home and presented them with his business card and photo identification.  (Id. ¶ 25.)

The Complaint contains two counts.  Count I alleges that Vision Solar violated TCPA § 227(b) by placing non-emergency calls using an automatically generated or prerecorded voice to a cellular telephone without the prior express consent of the called party.  Count II alleges that Vision Solar violated TCPA § 227(c) by initiating telephone solicitation on more than one occasion to a residential telephone subscriber whose phone number is registered on the FTC's Do Not Call Registry.  Vision Solar has moved to dismiss both Counts.

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we typically "consider only the complaint, exhibits attached to the complaint, [and] matters of public record." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "A complaint that pleads facts 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief.'" Connelly v. Lane Constr. Corp., 809 F.3d 780, 786 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense.'" Id. at 786-87 (quoting Iqbal, 556 U.S. at 679).  In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'"  W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

## III.   DISCUSSION

### A.     Count I – Automatic or Prerecorded Voice Claim

The Complaint asserts in Count I that Vision Solar is liable for violating Section 227(b) of the TCPA because it initiated calls to Plaintiffs' cell phones using an "automatically generated or prerecorded voice." (Compl. ¶ 23.)[1] Vision Solar argues that we should dismiss this claim for failure to state a claim upon which relief can be granted because the Complaint "offer[s] no factual support" for Plaintiffs' assertion that the calls used an artificial or prerecorded voice, and instead provides only "bare conclusory statements" to support Plaintiffs' claim.  (Def.'s Mem. at 6.) Specifically, Vision Solar argues that the Complaint merely recites the statutory language of the TCPA by alleging that Vision Solar placed the call using a pre-recorded or computerized voice, and fails to "discuss or describe why Plaintiffs concluded that the voice they heard was computerized."  (Def.'s Reply Br. at 6.)  Vision Solar further argues that the Complaint's allegations that Plaintiff "repeatedly asked" to know the caller's identity and that the caller "refused to disclose" his identity indicates a "back-and-forth dialogue" that suggests that the calls were made by a live representative rather than prerecorded or artificially voiced.  (Def.'s Mem. at 8.)

---

[1] The paragraphs of the Amended Complaint are misnumbered, and begin counting up from 23 following paragraph 30. This citation is to the second Paragraph 23.

Under the TCPA, it is unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B). A complaint does not need to provide extensive information as to the content and nature of the call to sufficiently plead that an artificial or prerecorded voice was used. See Kaplinsky v. Robert Wood Johnson Univ. Hosp., Civ. A. No. 15-7846, 2016 WL 544491, at *2 (D.N.J. Feb. 10, 2016) (concluding that a complaint "could have included more detail," but nonetheless sufficiently pled the use of an artificial or prerecorded voice under the TCPA by asserting "that the calls were made using a 'computerized' or 'automated' voice"), order vacated in part on other grounds on reconsideration, 2016 WL 885049 (D.N.J. Mar. 8, 2016).

Vision Solar argues that the claim must be dismissed because the Complaint "merely parrot[s] the elements of an automatic or prerecorded voice claim" without offering factual support for the assertion that the alleged calls were prerecorded or artificially voiced. (Def.'s Mem. at 6.) However, the Complaint alleges that when Plaintiffs answered the calls, they "heard a menu of options that was presented with a voice that was clearly computerized and/or prerecorded." (Compl. ¶ 21.) The Complaint therefore does not merely repeat the language of the TCPA, but instead provides a description, albeit minimal, of the calls' content that extends beyond the language of the statute. Drawing all reasonable inferences in Plaintiffs' favor, we find the description of the calls' options menu and "computerized" voice sufficient to plausibly allege that the calls used an artificial or prerecorded voice. We therefore reject Vision Solar's argument that Plaintiffs' claim in Count I should be dismissed because it merely parrots the language of the statute.

Furthermore, we conclude that there is no merit to Vision Solar's argument that the

Complaint supports the inference that a "dialogue" occurred between Plaintiffs and Vision Solar that precludes the possibility that Vision Solar placed calls using an artificial or prerecorded voice. (Def.'s Mem. at 8.)   Vision Solar contends that the Complaint's allegations that Plaintiffs "repeatedly" asked the caller to disclose its identity and that the caller "refused" to do so supports the inference that Plaintiffs spoke to a live representative.   However, that Plaintiffs may have eventually spoken to a live agent does not undercut the allegation that they were at first greeted by an artificial or prerecorded voice.   Indeed, there can be no question that a call may be transferred to a live representative after a party engages with a computerized menu.   We therefore find that even if the Complaint supports the inference that a "back-and-forth dialogue" occurred between Plaintiffs and Vision Solar, it remains plausible that the alleged calls contained an artificial or prerecorded voice.  We thus conclude that the Complaint plausibly alleges the use of an "automatically generated or prerecorded voice,"  and  we deny Vision Solar's Motion insofar as it seeks dismissal of Count  I.

> **B.**     **Count II – Do Not Call Claim**

Under the TCPA, an individual has a private right of action if she has "received more than one telephone call within any 12-month period by or on behalf of the same entity" to a residential telephone number registered in the Do Not Call Registry.  47 U.S.C. § 227(c)(5).  Count II of the Complaint asserts that Vision Solar violated Section 227(c) by initiating telephone solicitation on more than one occasion in a single calendar year to Plaintiffs' cell phones, which the Complaint alleges were used for residential purposes and registered in the Do Not Call Registry.

Vision Solar argues that the claim must be dismissed for failure to state a claim upon which relief can be granted because Plaintiffs have not "plausibly demonstrate[d]" that they each received multiple calls over a single calendar year from a single entity on a telephone registered in the Do

Not Call Registry.  (Def.'s Mem. at 8.)  Specifically, Vision Solar asserts that Plaintiffs have no evidence that it was Vision Solar that placed the offending calls, that Plaintiffs have not provided sufficient information in their Complaint for the Court to treat their cell phone numbers as residential, and that Plaintiffs Dorothy and Arthur Dudley's claims must be dismissed because the Complaint does not allege that they received more than one call from Vision Solar over the course of the year.

### a.  *Calls Placed by a Single Entity*

Vision Solar argues that the Complaint fails to provide adequate factual support for Plaintiffs' allegation that Vision Solar was the party who placed the calls at issue.  It contends that Plaintiffs have no evidence that Vision Solar placed the calls, in part because they "have not, because they cannot, alleged that any of them ever spoke with a representative of Vision Solar during any of the alleged calls." (Def.'s Mem. at 8.)  Specifically, it contends that Plaintiffs offer only "conclusory, boilerplate references to an entity being an 'agent of [Vision Solar],'" which cannot support a plausible claim under the statute.  (Id. at 9.)  Vision Solar further argues that Plaintiffs have not provided the phone number of the alleged caller and "offer no evidence that the same entity called them on more than one occasion." (Id. at 12.)  Finally, Vision Solar maintains that because Plaintiffs cannot establish that Vision Solar placed the alleged calls, they must therefore "demonstrate an agency relationship" between the caller and Vision Solar in order to plausibly allege that Vision Solar is vicariously liable, and Plaintiffs have failed to do so. (Id. at 9.)

As an initial matter, any argument that Plaintiffs have no evidence of, or have failed to demonstrate, any part of the TCPA claim is misplaced in a Rule 12(b)(6) Motion to Dismiss.  The Complaint need only include allegations to support a plausible claim for relief, and an allegation

does not require evidentiary proof at the pleading stage.  As for Vision Solar's argument that the Complaint does not allege facts that render it plausible that Vision Solar placed the offending calls, we disagree. The Complaint asserts that Plaintiffs scheduled a meeting with the caller, and that a representative of Vision Solar subsequently showed up to Plaintiffs' house and provided his business card.  (Compl. ¶¶ 23-25.)  Furthermore, Vision Solar's assertion that Plaintiffs have not alleged that it was Vision Solar that placed the calls because they cannot do so simply mischaracterizes the Complaint, which explicitly alleges that it was Vision Solar who placed each of the offending calls.  (Id. ¶¶ 17-20.)

Reading the Complaint in the light most favorable to Plaintiffs, as we must on a motion to dismiss, we cannot discount the allegations that it was Vision Solar that placed the offending calls and scheduled the appointment.  Common sense alone supports the facial plausibility of the allegation that the entity that placed the call and scheduled the appointment was the same entity that arrived at Plaintiffs' home for the prearranged meeting and presented Plaintiffs with a business card.  Furthermore, that Plaintiffs have not provided the phone number associated with the offending calls does not render their pleading insufficient under Rule 8(a)(2), especially when, as here, there is sufficient factual basis for a plausible claim for relief without it.

Finally, since Plaintiffs have alleged facts that support their allegation that Vision Solar made the offending calls, Vision Solar's argument that Plaintiff must instead plead an agency relationship between the caller and Vision Solar is unfounded. We therefore conclude that the Complaint sufficiently pleads that Vision Solar placed the calls at issue and we reject Vision Solar's arguments to the contrary.

### b.  *Residential Telephone Subscribers*

Vision Solar argues that Plaintiffs have no cognizable private right of action under § 227(c)

of the TCPA because they fail to allege facts that give rise to a plausible inference that their cell phone numbers are residential.  Vision Solar concedes that a cell phone number "can qualify as residential under § 227(c)," but it suggests that a plaintiff must allege specific facts, such as that the phone is his only phone and the only operative phone in his residence, in order to plausibly allege that the cell phone qualifies as a residential phone under the statute.  (Def.'s Mem. at 10 (citing Cunningham v. Foresters Fin. Servs., Inc., 300 F. Supp 3d 1004, 1018 (N.D. Ind. 2018)).)

The consensus in this Circuit is that Do Not Call claims may apply to cell phones.  See Valdes v. Century 21 Real Est., LLC, Civ. A. No. 2:19-05411, 2019 WL 5388162, at *3 (D.N.J. Oct. 22, 2019) ("[I]t is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections." (citing In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014 at ¶¶ 33-36 (F.C.C. 2003)) (additional citations omitted)); see also Cunningham v. Cap. Advance Sols., LLC, Civ. A. No. 17-13050, 2018 WL 6061405, at *4 (D.N.J. Nov. 20, 2018) ("Here, at this juncture of the litigation, Plaintiff has sufficiently pled that his cellular phone is used for residential purposes."); Shelton v. Fast Advance Funding, LLC, 378 F. Supp. 3d 356, 360, 363 (E.D. Pa. 2019) (concluding that plaintiff who received calls to his cell phone number registered in the Do Not Call Registry was entitled to relief under the TCPA), aff'd, 805 F. App'x 156 (3d Cir. 2020).

A plaintiff may provide specific facts to support his allegation that his cell phone number is residential under the TCPA.  See Cap. Advance Sols., 2018 WL 6061405, at *4-5 (concluding that plaintiff's allegations that, inter alia, he used his cell phone for "personal, family, and household use," had no landline, and did not use the phone primarily for a business purpose, were sufficient to plausibly allege that the cell phone number was residential under the TCPA). However, it is not required that a plaintiff provide extensive detail to state a plausible claim as to

the residential character of his cell phone.  See Valdes, 2019 WL 5388162, at *3 (finding that plaintiff plausibly alleged that his cell phone was residential under the TCPA where he did not explicitly allege that the number was "residential" and alleged only that the number "was not associated with business").

Here, the Complaint explicitly alleges that Plaintiffs' cell phone numbers are used "for residential purposes."  (Compl. ¶ 15.)  While the Complaint does not allege additional facts to elaborate on the residential nature of Plaintiffs' cell phones, we conclude that the explicit allegation that the cell phone numbers were used "for residential purposes" is sufficient to plausibly allege that they were, in fact, used for such purposes and that additional allegations of fact are simply not necessary.  See Valdes, 2019 WL 5388162, at *3.  We therefore reject Vision Solar's argument that Count II should be dismissed because the allegations do not support a reasonable inference that the offending calls were placed to residential phone numbers.

### c.  *Multiple Calls in a Single Year*

Vision Solar argues that Plaintiffs Dorothy and Arthur Dudley's Do Not Call claims in Count II must be dismissed because the Complaint fails to allege that they received more than one call from Vision Solar.  Vision Solar also notes that Plaintiffs failed to respond to this argument in their opposition to Vision Solar's Motion to Dismiss, and it argues that Plaintiffs have thus conceded that Dorothy and Arthur Dudley have failed to state a claim for relief upon which relief can be granted under the § 227(c) of the TCPA.

Vision Solar has again mischaracterized the allegations in the Complaint in its assertion that Plaintiffs have alleged that Dorothy and Arthur Dudley were each called by Vision Solar only once.  The Complaint alleges that Vision Solar called Plaintiff Dorothy Dudley "on dates *including but not limited to* January 20, 2021" and called Plaintiff Arthur Dudley "on dates *including but not*

*limited to* March 2, 2020." (Compl. ¶¶ 17, 20 (emphases added).) Thus, contrary to Vision Solar's assertion, the Complaint does allege that Vision Solar placed calls to Dorothy and Arthur Dudley on more than one occasion. And although the Complaint only alleges one specific date on which Vision Solar called Dorothy Dudley and one specific date on which Vision Solar called Arthur Dudley, while it alleges multiple dates on which Vision Solar called Brian and Robert Dudley, we do not find the omission of additional specific dates to render implausible the allegation that Dorothy and Arthur Dudley were called on more than one occasion as the Complaint alleges. We therefore conclude that, at this early stage of the proceedings, the Complaint adequately alleges that Dorothy and Arthur Dudley "received more than one telephone call" so as to fall within the parameters of a cognizable Do Not Call claim under the TCPA. 47 U.S.C. § 227(c)(5).

Vision Solar correctly points out that, if a plaintiff fails to respond to a defendant's argument in favor of dismissal, as Plaintiffs have done here, the court has discretion to treat the argument as unopposed. See Celestial Cmty. Dev. Corp. v. City of Philadelphia, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested." (citations omitted)). However, because we find that the Complaint adequately alleges that Vision Solar called each Plaintiff on more than one occasion, we will not treat Plaintiffs' lack of response as a concession to Vision Solar's argument. We therefore reject all of Vision Solar's arguments for dismissal of the claims in Count II and deny its Motion insofar as it seeks dismissal of that Count.

IV.     **CONCLUSION**

For the foregoing reasons, we deny Vision Solar's Motion to Dismiss in its entirety.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.